EVERETT, Senior Judge
(concurring in part and concurring in the result):
I concur fully with the principal opinion that the defense challenge for cause was properly denied.
In deciding whether an issue as to lawfulness of the order should have been submitted by the military judge to the court-martial members, my starting point is the Uniform Code of Military Justice’s provision that in a general or special court-martial the military judge “shall rule upon all questions of law and all interlocutory questions arising during the proceedings.” See Article 51(b), 10 USC § 851(b). An “interlocutory question” may involve fact, law, or both. For example, if the question concerns admissibility of a confession made while the accused was a suspect, the judge will decide any factual dispute as to whether the accused was a suspect at the time of the statement and whether a warning was given pursuant to Article 31(b), *129 UCMJ, 10 USC § 831(b). If the dispute is not whether certain language was spoken by way of warning but whether the language sufficed to meet the requirements of Article 31(b), the judge will decide this issue of law in determining the “interlocutory question” of admissibility. Finally, if the dispute concerns not only the fact of whether any warning was given but also whether the language used was sufficient to satisfy Article 31(b), the judge must determine the facts and may then confront a question of law in deciding the “interlocutory question.” See generally United States v. Miller, 31 MJ 247 (CMA 1990).
Likewise, if the defense by motion to dismiss raises an issue of sufficiency of the evidence, the military judge will decide as an “interlocutory question” whether, if all the prosecution evidence is believed by the court-martial members, they could reasonably find the accused guilty beyond a reasonable doubt. However, when the ultimate question of guilt or innocence is submitted to the court-martial members, the military judge must refrain from deciding any issue of fact; and if he does make such a decision, he has erred. On the other hand, the military judge must instruct the court-martial members as to matters of law; and, in so doing, he may have to decide a “question of law.” That “question of law” is not to be presented to the court-martial for second-guessing on their part.
In my view the roles of the military judge and the court-martial members correspond to those of judge and jury in federal criminal trials. This result -although probably not constitutionally required — was intended by Congress when the Uniform Code of Military Justice was enacted a half century ago. When Congress later passed the Military Justice Act of 1968 and changed the “law officer” title to “military judge,” it made this intent even clearer. Accordingly, I conclude that precedents like United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) — which apply to trials in a federal district court — apply equally to courts-martial. Therefore, in a' fraud case tried in a court-martial, the members would have the same responsibility to decide whether the accused’s statements were “material” that civilian jurors would have if the case were tried in a federal district court; and the trial judge — whether a federal district judge or a military judge- — should give the same instructions as to materiality. Failure to give such instructions in a trial by court-martial should carry the same consequences as would the same failure of a federal district judge in a criminal trial.
New was convicted of disobeying an order in violation of Article 92(2), UCMJ, 10 USC § 892(2). The explicit language of Article 92(2) states that conviction requires a “lawful order”, cf. Art. 92, 10 USC § 992. However, even without this language, the requirement of lawfulness of the order would be implied. According to appellant, that requirement was not complied with and — at the very least— the court-martial members should have been instructed thereon. The analogy drawn is to the reversible failure to instruct on materiality in Gaudin.
In Gaudin, a consideration of facts was necessary to decide materiality, but in the case at bar, the facts on which appellant chiefly relies to raise an issue as to lawfulness are not even admissible in determining New’s guilt or innocence. Appellant’s defense that the order given him was not lawful rests largely on the premise that the order was given incident to a military operation that was beyond the constitutional authority of the President and Congress. In my view, the doctrine of “political question” precluded the court-martial — whether the military judge or the court members — from considering evidence as to this defense. According to this doctrine, certain issues are non-justicia-ble because their decision by a court would unduly hamper the Executive and Legislative Branches and violate separation-of-powers theory. Cf. Harisiades v. Shaughnessy, 342 U.S. 580, 589, 72 S.Ct. 512, 96 L.Ed. 586 (1952). The constitutionality of the military operation to which appellant was assigned presents a “political question” not suitable for a court-martial or a district court to decide. Moreover, I am unsure that, for purposes of standing, New had a sufficient individualized interest to contest in a court- *130 martial for disobedience the constitutionality of the military operation to which he was assigned. Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Since appellant’s contention as to unlawfulness of the order sought to present an issue that could not properly be considered by the court-martial, it required no instruction by the military judge .to the court-martial members — just as no jury instruction as to lawfulness of the order would have been required if lawfulness of the order had been at issue in a federal criminal trial.
In other contexts an entirely different approach may be required. For example, if no political question exists and the accused has standing to raise a pure question of law, the military judge will need to decide that question but will have no reason to submit that question to the court-martial members. For example, if the question is whether an order was given pursuant to a statute which violated the Constitution, this “question of law” will be decided by the military judge without instructing the members to consider the constitutionality of the statute. Such a question is quite unlike the issue of materiality in the Gaudin case, as to which the Supreme Court held that the trial judge should have instructed the jurors.
On the other hand, in Unger v. Ziemniak, 27 MJ 349 (CMA 1989), the Court recognized that as to disobedience of an order there may be not only a legal issue for final determination by the military judge, but also a factual issue to be decided by the court-martial members under proper instructions. The question of law for the judge concerned whether, under any circumstances, an officer could be ordered to provide a urine specimen to an enlisted person to be tested for drugs. The factual determination — to be made by the court-martial members — concerned whether the order given the accused had required that her urine specimen be provided under degrading and humiliating conditions.* Id. at 359.
I can conceive of other situations in which the issue of lawfulness of an order should be submitted to the court-martial members under proper instructions. For example, if an order was lawful only if it called for performance within a specific geographic area and during a specific time period, the court-martial members must decide the facts as to that time and place. What if the questioned order was given by company commander Captain David to his subordinate, Sergeant Uriah, who disobeyed it because he believed that David was trying to get him killed and steal his wife Bathsheba? 2 Samuel 11 and 12. In that case, the intent of David might present a question of fact to be determined by the court-martial members under proper instructions.
In addition to relying on the alleged unconstitutionality of the military operation in which appellant New was ordered to deploy, the defense also claims that a factual question was raised as to the existence of safety considerations for the orders. If a question of fact as to safety considerations was raised by the evidence concerning lawfulness of the contested order, this question would be for the court-martial members to decide under proper instructions. However, even a failure to instruct on an element of an offense is subject to harmless error analysis under some circumstances. Cf. Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In this case, I conclude that if there was any question of fact as to whether the order to wear battle dress insignia promoted safety, it was so insubstantial that the judge’s failure to instruct thereon was not reversible error.
Since I conclude that, if the military judge erred at all, the error was not prejudicial to New, I concur in affirming the decision below.

 This is a situation like those referred to in the current Manual’s Discussion accompanying RCM 801(e)(5) quoted in Chief Judge Crawford’s opinion when it states that “[i]t is possible, however, for such questions to be decided solely upon some factual issue, in which case they would be questions of fact....” ■